1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Emilia E. Petrut                        )    No. CIV 06-0691-PHX-MHM
                                            )
10             Plaintiff,                    )    **ORDER**
                                            )
11  vs.                                      )
                                            )
12                                           )
    Village Oak at Glendale; Meria Gera,     )
13                                           )
               Defendants.                   )
14                                           )
                                            )
15  _____)

16          On March 8, 2006, Plaintiff, proceeding pro se, filed a complaint and a motion to

17  proceed in forma pauperis (Doc. 1 & 2).  Plaintiff's motion to proceed in forma pauperis

18  contains the relevant information for purposes of in forma pauperis status required by LRCiv

19  3.3, Local Rules of Practice of the District of Arizona.  Plaintiff's motion to proceed in forma

20  pauperis (Doc. 2) is granted.

21          The  motion for in forma pauperis requires the Court to screen the complaint.  See 28

22  U.S.C. §§ 1915(a) and (e)(2).  In screening a complaint filed with a request to proceed in

23  forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous or

24  malicious" or if it fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§

25  1915(e)(2)(B)(i), (ii).

26          Plaintiff pro se has filed a handwritten complaint that is not signed. Rule 11(a) of the

27  Federal Rules of Civil Procedure provides that "[e]very pleading, ... shall be signed ..., if the

28  party is not represented by an attorney, [the pleading] shall be signed by the party." Under

1    Rule 11(a), "[a]n unsigned paper shall be stricken unless omission of the signature is

2    corrected promptly after being called to the attention of the ... party."

3        Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a

4    short and plain statement of the claim showing that the pleader is entitled to relief."  Rule

5    8(e)(1) of the Federal Rules of Civil Procedure states that "[e]ach averment of a pleading

6    shall be simple, concise, and direct."  A complaint having the factual elements of a cause of

7    action present but scattered throughout the Complaint and not organized into a "short and

8    plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal

9    Rules of Civil Procedure.  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.

10   1988); McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

11       In her handwritten complaint, Plaintiff appears to be alleging that she applied for a

12   position at Village Oaks in Glendale on January 15, 2005 but that her application was denied.

13   The name of the person who interviewed Plaintiff is not clear from the allegations. Plaintiff

14   further alleges that she complained to the Equal Employment Opportunity Commission

15   ("EEOC") but the date of this contact is not set forth in the complaint.  It also is difficult to

16   ascertain what occurred with respect to her contact with the EEOC.  Plaintiff has not set forth

17   the statutory or other basis of her claim for relief or the basis of this Court's jurisdiction.  For

18   example, Plaintiff may be asserting a claim for employment discrimination or constitutional

19   violation.  Plaintiff further has not alleged in her pro se complaint the remedy she is seeking,

20   such as, for example, monetary damages.

21       The complaint will be dismissed with leave to amend to allow Plaintiff to clearly

22   allege her claims in short, plain statements which demonstrate she is entitled to relief.  In any

23   amended complaint, Plaintiff must tell the Court: (1) the constitutional right or statutory

24   provision under which Plaintiff is proceeding; (2) the constitutional right or statutory

25   provision which Plaintiff believes has been violated; (3) exactly what the named

26   Defendant(s) did or failed to do and the date or dates of the act or omission alleged; (4) how

27   the action or inaction of the Defendant(s) is connected to the alleged violation; and (5) what

28   specific injury Plaintiff has suffered because of that Defendant's conduct. Plaintiff may set

forth her allegations in numbered paragraphs for purposes of clarity. Plaintiff further should set forth a plain and concise statement of the relief she is seeking. Plaintiff must sign the amended complaint and provide her address and telephone number, if any, on the pleading. See Rule 11(a).

Plaintiff should take notice that if she fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court). Plaintiff is advised that the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff fails to timely file an amended complaint within 30 days from the date this Order is filed.

**Accordingly**

**IT IS ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed without prejudice with leave to amend. Plaintiff shall have 30 days from the date this Order is filed in which to file an amended complaint in order to state specific allegations against a Defendant(s) in compliance with Rules 8, Fed.R.Civ.P., and to otherwise comply with this Order. The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document. Plaintiff shall sign the amended complaint and set forth her address and telephone number, if any, on the pleading.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff fails to timely file an amended complaint within 30 days from the date this Order is filed.

DATED this 7th day of July, 2006.

Mary H. Murguia
United States District Judge